UNITED STATES of America, Appellee,

v.

Roger COUSINEAU, Sr., Defendant–Appellant.

No. 533, Docket 90–1400.

United States Court of Appeals, Second Circuit.

Argued Nov. 16, 1990.

Decided March 26, 1991.

**65**

Div., Burlington, Vt., of counsel), for appellee.

Before FEINBERG, PIERCE, and MINER, Circuit Judges.

MINER, Circuit Judge:

Defendant-appellant Roger Cousineau, Sr. appeals from a judgment of conviction entered on June 13, 1990 in the United States District Court for the District of Vermont (Coffrin, J.), following his plea of guilty to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (1988), and one count of possession of a machine gun which had not been registered in the National Firearm Registry, in violation of 26 U.S.C. §§ 5845, 5861(d), and 5871 (1988). The judgment included a sentence to terms of 235 months imprisonment on the conspiracy count and 120 months on the firearm count, to be served concurrently. On appeal, Cousineau contends that the district court erred by including quantities of cocaine not relevant to the conspiracy in its calculation of his base offense level under the Sentencing Guidelines. He also argues that the district court improperly "double-counted" these amounts in making its determination by attributing to him the same cocaine that he had both purchased and later sold. Finally, Cousineau claims that the district court erred by failing to reduce his sentence two levels under section 3E1.1 of the Sentencing Guidelines for his acceptance of responsibility.

We hold that the district court correctly calculated Cousineau's base offense level and properly denied him a two level reduction for acceptance of responsibility. Accordingly, we affirm the judgment of the district court.

## BACKGROUND

In November, 1986, agents of the Drug Enforcement Administration ("DEA") arrested Genevieve Haddeland in Vermont for distributing cocaine she had obtained in Connecticut. During post-arrest interviews with DEA Agent James Sullivan, Haddeland revealed that Roger Cousineau, Sr.

Mark A. Kaplan, Burlington, Vt., for defendant-appellant.

Thomas D. Anderson, Asst. U.S. Atty., Burlington, Vt. (George J. Terwilliger, III, U.S. Atty., David V. Kirby, Chief, Crim.

had traveled with her on two or three occasions to Connecticut to buy cocaine, acting as her driver and bodyguard. She stated that Cousineau also distributed cocaine that they had obtained on their trips to Connecticut. Haddeland told Sullivan that she and Cousineau had purchased at least one kilogram on each trip. Based on the information from Haddeland, as well as a tip from a confidential informant, the DEA began to investigate Cousineau.

In June, 1988, an undercover agent was introduced to Cousineau's children, Roger, Jr. (age 17) and Melissa (age 19). The undercover agent told them that he was interested in arranging to purchase several ounces of cocaine from their father on a weekly basis. Although Roger and Melissa indicated that Cousineau was capable of supplying such amounts, no transaction ever was consummated.

On July 12, 1988, as part of the same investigation, a second confidential informant purchased one ounce of cocaine through a man reputed to be a distributor for Cousineau. On July 21, the informant purchased 21 grams of cocaine directly from Cousineau and, on August 18, made another direct purchase of 19 grams. During the latter two purchases, the informant observed scales, drug paraphernalia, and a gun while inside Cousineau's apartment.

A short time later, agents of the Vermont Drug Task Force arrested Cousineau at his apartment. During a search of the apartment, the agents found two sets of scales (one containing cocaine residue), two handguns, one fully automatic machine gun, and a sawed-off shotgun. The handguns were located in the drawers of a desk on which an electronic scale had been placed, the shotgun was hidden behind the desk, and the machine gun was in a closet three feet away from the desk.

Following his indictment on August 25, 1988, Cousineau was detained pending trial as a danger to the community. On November 22, 1988, a superseding indictment was filed containing ten counts, including conspiracy to distribute and distribution of cocaine, the use of guns in the commission of criminal offenses, and the unlawful posses-

sion of firearms. The indictment specified that the conduct subject of the conspiracy count had occurred between September 1, 1987 and August 18, 1988. The government and Cousineau entered into a plea agreement that called for Cousineau to plead guilty to the counts of conspiracy to distribute cocaine and illegal possession of a machine gun. In return, the government agreed not to prosecute Cousineau for any other criminal offenses relating to his distribution of cocaine and to dismiss the eight remaining counts of his indictment at the time of sentencing.

A federal probation officer prepared a Presentence Report, dated November 21, 1989, after Judge Coffrin approved the terms of the plea agreement. In the Report, the officer concluded that, in addition to the 68 grams of cocaine sold to the confidential informant, section 1B1.3 of the Sentencing Guidelines ("U.S.S.G.") required that quantities of cocaine involved in other drug-trafficking engaged in by Cousineau be considered in calculating his base offense level. The officer recommended a level of 30, based on an estimated total weight of cocaine involved in his various criminal activities of 4793.44 grams. The Report included a recommendation for a two-level increase for possessing a firearm during the commission of the offense, U.S.S.G. § 2D1.1(b)(1), and a four-level increase for being the leader of criminal activity involving five or more participants, U.S.S.G. § 3B1.1(a). The probation officer also recommended in the Report that Cousineau be denied a two-level reduction for acceptance of responsibility provided by U.S.S.G. § 3E1.1. The total offense level recommended was 36.

Cousineau filed objections to the recommendations contained in the Report, challenging the aggregate quantity of cocaine used to determine his base offense level, the upward adjustments for possession of a firearm and role in the offense, and the denial of a reduction for acceptance of responsibility.

In response to these objections, an evidentiary hearing was held, at which Agent Sullivan recounted his interview with

Haddeland, the probation officer who prepared the Presentence Report explained the reasons for his conclusions, and four witnesses testified as to their involvement in Cousineau's cocaine distribution activities. After the hearing and further briefing by the parties, the district court issued its Opinion and Order on June 13, 1990. It determined that Cousineau's base offense level should be 28, calculated by attributing to Cousineau 2617.6 grams of cocaine that had been involved in various transactions relating to the conspiracy to distribute. Some of the transactions occurred before September 1, 1987, the first date of the existence of the conspiracy alleged in the indictment. The district court arrived at a total offense level of 34, agreeing with the upward adjustments and denial of reduction recommended in the Report. The corresponding sentencing range was imprisonment to a term of 188 to 235 months on the conspiracy count. On June 13, 1990, Cousineau received sentences to terms of 235 months on the conspiracy count and 120 months on the firearms count, to be served concurrently, followed by five years of supervised release.

## DISCUSSION

I. Attributing uncharged amounts of cocaine to Cousineau in calculating his base offense level

■ In calculating the base offense level for conspiracy to distribute cocaine, a court must attribute to the defendant amounts of cocaine involved in acts "that were part of the same course of conduct or common scheme" as the conspiracy. U.S.S.G. § 1B1.3(a)(2); *United States v. Santiago*, 906 F.2d 867, 871 (2d Cir.1990); *United States v. Schaper*, 903 F.2d 891, 897 (2d Cir.1990). The court may include in its calculations "quantities of narcotics that were neither seized nor charged" in the indictment. *Santiago*, 906 F.2d at 871; *see also United States v. Fernandez*, 877 F.2d 1138, 1141–42 (2d Cir.1989); *United States v. Guerrero*, 863 F.2d 245, 249 (2d Cir. 1988). Before including uncharged amounts in its calculations, a court must determine "whether the alleged conduct in-

volving the additional amounts of cocaine is demonstrated by a preponderance of the evidence," and, if so, whether such conduct was relevant to the counts of conviction in that it was part of the same scheme or plan. *Schaper*, 903 F.2d at 898–99 (citations omitted). We must accept the district court's determinations on both issues unless they are clearly erroneous. *See* 18 U.S.C. § 3742(e); *United States v. Lanese*, 890 F.2d 1284, 1291 (2d Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 2207, 109 L.Ed.2d 533 (1990).

■ Cousineau contends that there was insufficient evidence to support the use in the district court's calculations of some 2464.6 grams of cocaine that were not specified in his indictment. This contention is without merit. The district court's determination that Cousineau had been involved with these additional amounts of cocaine was properly supported. At the hearing, six witnesses testified on behalf of the government. Four of the witnesses testified that they regularly had bought cocaine from Cousineau over a time period preceding and including the dates of the conspiracy. For example, one of Cousineau's customers, Clifton Bevins, testified that he purchased cocaine from Cousineau on some fifty occasions between Fall, 1985 and October, 1986, obtaining three to four grams per transaction. Cousineau presented no evidence at the hearing, instead arguing that the government had failed to establish by a preponderance of credible evidence the additional amounts it attributed to him. According the district court due deference regarding the credibility of witnesses, we find that the government satisfied its burden of showing Cousineau's participation in transactions involving uncharged quantities of cocaine, *see Santiago*, 906 F.2d at 871; *United States v. Parker*, 903 F.2d 91, 103 (2d Cir.1990), and the court correctly estimated these quantities, as allowed under U.S.S.G. § 2D1.4 commentary n.2.

■ Cousineau next contends that because he was convicted of conspiracy to distribute cocaine between September 1, 1987 and August 18, 1988, any conduct that occurred prior to September 1, 1987 cannot

be considered relevant because it would not have been in furtherance of the conspiracy. Therefore, he argues, the 2464.6 grams of cocaine involved in such acts should not have been used to calculate his base offense level. However, we believe that the district court properly determined that conduct occurring before the first date of the charged conspiracy was relevant.

To be considered relevant, section 1B1.-3(a)(2) of the Sentencing Guidelines requires that the acts be part of the "same course of conduct." However,

[t]he phrase "same course of conduct" is not defined in the Guidelines. A normal reading [of the phrase] ... suggests that the sentencing court is to consider such factors as the nature of the defendant's acts, his role, and the number and frequency of repetitions of those acts, in determining whether they indicate a behavior pattern.

*Santiago*, 906 F.2d at 872. In *Santiago*, the amount of time between the uncharged relevant conduct and the charged conduct was as much as fourteen months. Here, the uncharged conduct considered relevant pre-dates the conduct charged in the conspiracy count by as much as two years. *Cf. United States v. Miranda–Ortiz*, 926 F.2d 172, 177–178 (2d Cir.1991) (total quantity of cocaine distributed during four years of conspiracy's existence not relevant conduct for purposes of sentencing defendant who had joined conspiracy on the last day of its existence and who could not have known of amounts distributed in preceding years). Because of the continuous nature of the conduct and the circumstances of this case, we are not reluctant to consider relevant the conduct that occurred during the course of a two year period.

"[I]n Guidelines cases involving charges of conspiracy during periods spanning many months, we have in no way indicated any doctrinal limitation as to the period during which the 'same course of conduct' may have occurred." *Santiago*, 906 F.2d at 873. In this case, Cousineau engaged in the same course of conduct—cocaine distribution—for a period of years without significant interruption. His methods of distribution remained virtually unchanged over this time: after obtaining an amount of cocaine, he would distribute it by using his children and other intermediaries to contact customers, deliver the drugs to them, and collect money owed on the transactions. Because of the high degree of similarity between the uncharged conduct and the conduct subject of the conspiracy for which Cousineau was indicted, and because relevancy "is not determined by temporal proximity alone," *id.* at 872, we believe the district court properly attributed the uncharged quantities of cocaine to Cousineau.

## II. Double counting

Cousineau contends that the estimated 2000 grams of cocaine he purchased on his trips to Connecticut with Genevieve Haddeland was the same cocaine that witnesses testified he later sold to them, and therefore, that the district court erred because it double counted these amounts of cocaine in determining his base offense level. However, any improper double counting that may have occurred would not change the base offense level as calculated by the district court. The sales that Cousineau argues involved the same cocaine he purchased with Haddeland in Connecticut amount to a total of 465.1 grams. Subtracting this amount from the 2617.6 grams the district court found to be the sum total of all transactions yields 2153 grams or 2.153 kilograms, the sum of the amount purchased in Connecticut and the amount specified in the indictment, which Cousineau concedes is attributable to him. Under U.S.S.G. § 2D1.1(c)(8), a base offense level of 28 is assigned to a defendant who is responsible for distributing between two and three and one-half kilograms of cocaine. Thus, even if the quantities involved in the sales that Cousineau challenges were subtracted, the same base offense level of 28 that the district court arrived at still would apply.

## III. Failure to accept responsibility

Relying on *United States v. Oliveras*, 905 F.2d 623 (2d Cir.1990) (per curiam), Cousineau contends that the court erred in

denying him a two level reduction for acceptance of responsibility. In *Oliveras*, we stated that "[s]o long as the defendant's statements are not immunized against use in subsequent criminal prosecutions, the effect of requiring a defendant to accept responsibility for crimes other than those to which he pled guilty ... is to penalize him for refusing to incriminate himself." *Id.* at 626. Cousineau argues that he would be forced to incriminate himself if he had to discuss conduct for which he was not convicted in order to receive the reduction.

 It is true that the district court found that Cousineau failed to accept responsibility for criminal conduct that was not charged in the counts of conviction, and that *Oliveras* prohibits this finding from forming the basis for denial under U.S.S.G. § 3E1.1. However, a denial of a reduction for acceptance of responsibility may be affirmed where a district court articulates permissible as well as impermissible reasons for the denial. *United States v. Ramirez*, 910 F.2d 1069, 1071 (2d Cir.) (per curiam), *cert. denied*, — U.S. —, 111 S.Ct. 531, 112 L.Ed.2d 542 (1990); *see also Santiago*, 906 F.2d at 873 ("If there were another clearly permissible basis for the court's denial of the reduction, we could affirm on that other basis notwithstanding the court's reliance on one flawed basis."). Here, the district court declined to credit Cousineau's acceptance of responsibility also because Cousineau had not shown remorse or acknowledged the wrongfulness of the conduct for which he was convicted. This assessment is entitled to great deference, because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility" and it should not be disturbed unless without foundation. U.S.S.G. § 3E1.1 commentary n. 5; *Santiago*, 906 F.2d at 874. Because one who is without remorse and fails to acknowledge that his behavior was wrong clearly is not entitled to a reduction for acceptance of responsibility, *see United States v. Royer*, 895 F.2d 28, 30 (1st Cir.1990), *Oliveras* does not require that we disturb the district court's decision in this case.

We have examined Cousineau's remaining contentions and find them to be without merit.

## CONCLUSION

The judgment, including the sentence imposed on Cousineau, is affirmed in all respects.