89 F.3d 825
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Ronald HAZARD, Defendant-Appellant.
 No. 95-1062.
 United States Court of Appeals, Second Circuit.
 Nov. 13, 1995.
 
 1
 Appeal from the United States District Court for the District of Connecticut.
 
 
 2
 Appearing for Appellant: William T. Koch, Jr., Lyme, Ct.
 
 
 3
 Appearing for Appellee: H. Gordon Hall, Ass't U.S. Att'y, D. Conn., New Haven, Ct.
 
 
 4
 D.Conn.
 
 
 5
 AFFIRMED.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut, and was argued by counsel.
 
 
 7
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 8
 Defendant Ronald Hazard appeals from a judgment entered in the United States District Court for the District of Connecticut, Ellen Bree Burns, Judge, following his plea of guilty to two counts of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. He was sentenced to 235 months' imprisonment, to be followed by an eight-year term of supervised release. On appeal, Hazard contends principally that, in calculating his sentence under the federal Sentencing Guidelines ("Guidelines"), the district court erred in estimating the quantity of narcotics attributable to him. Finding no basis for reversal, we affirm.
 
 
 9
 In calculating the offense level of a defendant convicted of conspiracy to distribute narcotics, the court is to consider not only amounts of narcotics that the defendant personally handled or anticipated handling but also quantities involved in acts of his coconspirators that were reasonably foreseeable to the defendant and committed in furtherance of the conspiracy. See Guidelines § 1B1.3(a)(1)(B); United States v. Santiago, 906 F.2d 867, 871-73 (2d Cir.1990); United States v. Candito, 892 F.2d 182, 185-86 (2d Cir.1989); United States v. Guerrero, 863 F.2d 245, 247-50 (2d Cir.1988); see also United States v. Sepulveda, 15 F.3d 1161, 1197 (1st Cir.1993), cert. denied, 114 S.Ct. 2714 (1994). The government need prove the amount attributable to the defendant only by a preponderance of the evidence, see, e.g., United States v. Hendrickson, 26 F.3d 321, 332 (2d Cir.1994), and if the quantity of drugs seized does not fully reflect the defendant's narcotics sales, his offense level may properly be based on the court's approximation of the quantity sold, see, e.g., United States v. Colon, 961 F.2d 41, 43 (2d Cir.1992). In sentencing, the court is entitled to take into account information from any source it deems reliable, so long as it does not rely on misinformation. See, e.g., Williams v. New York, 337 U.S. 241, 250 (1949). The sentencing court's findings will not be overturned unless they are clearly erroneous, see, e.g., United States v. Cousineau, 929 F.2d 64, 67 (2d Cir.1991); United States v. Campuzano, 905 F.2d 677, 680 (2d Cir.), cert. denied, 490 U.S. 947 (1990).
 
 
 10
 In the present case, the sentencing judge reviewed the transcript of the trial of Hazard's codefendants, over which she had presided. There is no dispute that at that trial several witnesses, based on their personal observations as Hazard's competitors or associates, testified as to the quantity of narcotics distributed by Hazard in his day-to-day operations over a period ranging from six months to more than three years. The assessment of the credibility of those witnesses was solely within the province of the sentencing court as factfinder, and their testimony supported the court's finding that during the span of his operations it was more likely than not true that Hazard was responsible for the distribution of at least 50 kilograms of cocaine.
 
 
 11
 We have considered all of Hazard's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.