104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Lamont HOGAN, Defendant-Appellant.
 No. 96-1186.
 United States Court of Appeals, Second Circuit.
 Oct. 31, 1996.
 
 Appearing for Appellant: Charles D. Adler, Goltzer & Adler, New York, New York.
 Appearing for Appellee: Richard Sullivan, Assistant United States Attorney for the Southern District of New York, New York, New York.
 Before VAN GRAAFEILAND, WINTER and JACOBS, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Lamont Hogan appeals from his sentence of 24 months imprisonment, three years supervised release, including 200 hours of community service, and a $50 special assessment, imposed by Judge Batts after Hogan pleaded guilty to one count of conspiracy to defraud a financial institution in violation of 18 U.S.C. § 371.
 
 
 4
 Less than two weeks after the plea, Hogan's Pre-Trial Services Agency ("PTSA") officer informed the court that Hogan had not reported to the PTSA as required. Less than two months later, on January 25, 1996, Hogan was arrested in Syracuse, New York, and charged with grand larceny and possession of a forged instrument. Hogan's PTSA officer advised Judge Batts that Hogan had "violated his Pre Trial release conditions" by: "failure to report to [his PTSA] officer as directed, traveling to Syracuse (Northern District of New York) without court approval [in violation of travel restrictions limiting him to the Southern and Eastern Districts], felony arrest in Syracuse while released on bail in our district and not informing his Pretrial Officer of said arrest." Hogan consented to revocation of bail.
 
 
 5
 At sentencing, Judge Batts denied Hogan an adjustment based on acceptance of responsibility. After noting that less than two weeks after Hogan's guilty plea she had been informed about his failure to meet his reporting obligations and that she had earlier "instructed [him] that it was very important for [him] to follow the rules and regulations for reporting to pretrial services," she continued:
 
 
 6
 Next, I discover that you are in violation of your pretrial services supervision by being in Syracuse which is in the Northern District of New York and it seems to me that had you asked for permission to go and stated the reasons why you were going, that you probably would have been permitted to go and there would not have been any issue about violating your pretrial services supervision responsibilities. So I am concerned about that.
 
 
 7
 It also is of concern to me that while I agree both with Mr. Adler and Mr. Sullivan that the charges pending against you in Syracuse are not for me to determine at this point, it is distressing that, indeed, the charge suggests that you found yourself in a situation where you could be charged. Whether you did it or not, again, is not the issue. But to endanger and risk your status by doing that suggests to me at best a lack of judgment....
 
 
 8
 I must say to you, Mr. Hogan, that putting yourself in a situation where you could be accused of doing the very thing for which you have pleaded guilty before me and should have been sentenced during that period really calls into question in my mind whether or not you have accepted responsibility for what you were charged with in federal court and pleaded guilty to before me.
 
 
 9
 Hogan's counsel informed Judge Batts after the sentence that "it seems to me that while your Honor voiced an agreement with my suggestion and that of [the prosecutor] that it wasn't for this court to determine the truth or lack of it to the charges underlying the arrest in Syracuse, that is precisely what the court has done here." Judge Batts responded, "I believe that if that is what you believe, Mr. Adler, you didn't listen to what I was saying."
 
 
 10
 On appeal, Hogan first argues that he did not have adequate notice of Judge Batts's intention to determine the applicable guideline in a manner other than the one suggested in the pre-sentence report. We have recently held, however, that a defendant is not entitled to advance notice that a court may deny an adjustment for acceptance of responsibility. See United States v. Giwah, 84 F.3d 109, 113 (2d Cir.1996).
 
 
 11
 Hogan next argues that the district court improperly relied on a presumption of guilt on the Syracuse charges in determining that he was not entitled to the adjustment for acceptance of responsibility. He argues that it makes no sense to suggest that a person betrays a failure to accept responsibility by engaging in entirely lawful and innocent conduct and that the court's reliance on his arrest implies a presumption of guilt on those charges. He contends that the district court should not have relied on the arrest or should have afforded him a hearing to contest his guilt on the Syracuse charges and that the district court's failure to do so renders his sentence illegal. We disagree.
 
 
 12
 First, as Hogan admits, Judge Batts specifically disavowed any intention of relying on Hogan's guilt or innocence on the Syracuse charges in determining whether to apply the adjustment for acceptance of responsibility. We see no reason not to take the district judge's statements seriously, because the rest of her remarks are, contrary to Hogan's suggestion, fully consistent with an assumption that Hogan is innocent of the Syracuse charges. Judge Batts seems to have been understandably of the view that Hogan's unauthorized trip to Syracuse evidenced a lack of acceptance of responsibility. Whatever Hogan was doing there may have been innocent, but it plainly carried with it a risk of arrest. Someone who took his guilty plea seriously would arguably avoid such situations.
 
 
 13
 To uphold this sentence, however, we need not speculate as to exactly what behavior Judge Batts had in mind. It is well established that "a denial of a reduction for acceptance of responsibility may be affirmed where a district court articulates permissible as well as impermissible reasons for the denial." United States v. Cousineau, 929 F.2d 64, 69 (2d Cir.1991) (citing cases). We therefore need not even consider whether the district court gave undue weight to behavior in Syracuse, because it is sufficient that the district court noted that Hogan's trip to Syracuse itself betrays a lack of acceptance of responsibility. First, it fit into a pattern of violations of his pretrial release. Second, the fact that he could have asked permission to go and might have gotten it suggests at the very least that Hogan was indifferent not only to his obligations but also to how suspicious his behavior would appear to the court if discovered.
 
 
 14
 We therefore affirm.