**UNITED STATES of America,
Appellee,**

v.

**Hameed RAMJOHN, Defendant–
Appellant.**

No. 03–1260.

United States Court of Appeals,
Second Circuit.

March 29, 2004.

Jonathan E. Davis, Assistant United States Attorney (Cecil C. Scott, Assistant United States Attorney), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, for Appellee, of counsel.

Richard Jasper (James E. Neuman), New York, N.Y., for Defendant–Appellant, of counsel.

Present: McLAUGHLIN, KATZMANN, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Hameed Ramjohn appeals from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, *J.*), resentencing Ramjohn, following our remand on *Apprendi* grounds, *see United States v. Doe*, 297 F.3d 76 (2d Cir.2002), to a period of 240 months' imprisonment, the statutory maximum under 21 U.S.C. § 960(b)(3). Ramjohn argues that the district court erred in failing to resentence him *de novo*. For the reasons that follow, we find that the district court committed no error.

In *United States v. Quintieri*, 306 F.3d 1217 (2d Cir.2002), we reaffirmed our "repeated statement" that "to determine whether a remand is *de novo*, we must 'look to both the specific dictates of the remand order as well as the broader "spirit of the mandate." ' " *Id.* at 1227 (quoting *United States v. Ben Zvi*, 242 F.3d 89, 95

(2d Cir.2001)). We held that as a general rule "resentencing should be limited when the Court of Appeals upholds the underlying convictions but determines that a sentence has been erroneously imposed and remands to correct that error." *Id.* at 1228. We noted, however, that "there may be circumstances when we reverse a sentence in which the 'spirit of the mandate' requires *de novo* sentencing, for example when the reversal effectively undoes the entire 'knot of calculation.'" *Id.* We then addressed the consequences of limited resentencing. We observed that "where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, it is considered waived and the law of the case doctrine bars the district court on remand and an appellate court in a subsequent appeal from reopening such issues unless the mandate can reasonably be understood as permitting it to do so." *Id.* at 1229 (internal quotation marks omitted). We then remarked that "despite the ... branch of the law of the case doctrine, which holds that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case,' district courts may ... depart from the law of the case and reconsider their own decisions for cogent and compelling reasons if those decisions have not been ruled on by the appellate court." *Id.* at 1230 (citation omitted).

Ramjohn first contends that the spirit of the district court's mandate calls for *de novo* resentencing. In support of this position, Ramjohn invokes our finding in *Doe* that the evidence of drug quantity relied on by the district court was far from overwhelming. Specifically, we remarked that "the testimony [in question] indicated drug quantities related to the importation of drugs between 1993 and 'late 1995' or 'early 1996,'" while Ramjohn's "indictment ... covered only an approximate six-day period in July, 1996, from July 16, 1996–July 22, 1996." *Doe,* 297 F.3d at 92. We also suggested in dictum that certain complications might arise from the fact that "the testimony [establishing quantity] was in a proceeding at which [Ramjohn] was a witness for the government against a co-conspirator rather than a defendant addressing the evidence on his own behalf." *Id.*

■ But our conclusions with respect to the evidence of drug quantity were directed only at addressing the Supreme Court's holding in *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), that where the evidence of drug quantity is "overwhelming" and "essentially uncontroverted," a sentence under 21 U.S.C. § 841(b), the quantity based provision, does not seriously affect the "fairness, integrity, or public reputation of judicial proceedings," so as to require action to correct plain error. *Cotton,* 535 U.S. at 633, 122 S.Ct. 1781 (internal quotation marks omitted). In finding that *Cotton* did not preclude reversal, we in no way suggested that the district court's quantity determinations were erroneous. Indeed, for purposes of sentencing, quantity need only be established by a preponderance of, not by overwhelming, evidence, *see United States v. McLean,* 287 F.3d 127, 133 (2d Cir.2002), and in establishing quantity, the district court may rely on conduct outside the time frame charged in the indictment as long as it is part of the same course of conduct, *see United States v. Cousineau,* 929 F.2d 64, 67–68 (2d Cir.1991). In addition, we expressly acknowledged in *Doe* that "we [did] not have any direct contradiction of the [quantity] evidence." *Doe,* 297 F.3d at 92.

Moreover, even if we had reversed on the issue of quantity, the spirit of the mandate would not have required *de novo* resentencing because such a reversal would not have disturbed the entire "knot

of calculation." *Quintieri,* 306 F.3d at 1228 (internal quotation marks omitted). Indeed, the district court's other sentencing determinations, such as its refusal to depart downward and its imposition of a four-level upward adjustment for Ramjohn's leadership role and a three-level downward adjustment for Ramjohn's acceptance of responsibility, were in no way intertwined with the district court's quantity calculations. Accordingly, the district court was justified in refusing to resentence Ramjohn *de novo.*

■ Ramjohn next argues that even if the mandate called for only limited resentencing, the district court should have reconsidered its prior rulings on drug quantity because "cogent" and "compelling" reasons required reconsideration. In this regard, "the major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. N.Y. City Dep't of Soc. Servs.,* 709 F.2d 782, 789 (2d Cir.1983) (internal quotation marks omitted). Ramjohn does not maintain that there was an intervening change of controlling law or that new evidence has become available. Nor is reconsideration necessary to correct clear error or to prevent manifest injustice for the same reasons that the spirit of our mandate did not call for *de novo* resentencing. Thus, to the extent that the district court could have reconsidered its prior rulings for cogent and compelling reasons, no such reasons were present in this case.

Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.