**UNITED STATES of America,**
**Appellee,**

v.

**Porfiro MARTINEZ, Defendant,**

---

**Felix Martinez and Francisco Checo, Defendants–Appellants.**

Nos. 03–1201(L), 03–1365(CON).

United States Court of Appeals, Second Circuit.

May 13, 2005.

George R. Goltzer, Goltzer & Adler, New York, NY, for Francisco Checo.

Victor L. Hou, Assistant United States Attorney for the Southern District of New York, (James B. Comey, United States Attorney for the Southern District of New York, and Marc L. Mukasey, Assistant United States Attorney for the Southern District of New York), New York, NY, for Appellee, of counsel.

PRESENT: JACOBS, STRAUB, Circuit Judges, and CARMAN, Judge.*

*SUMMARY ORDER*

Defendant–Appellant Francisco Checo ("Checo") appeals from a sentence entered in the Southern District of New York (Rakoff, *J.*) following his conviction by jury of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, a charge that stemmed from his involvement in a business of reconfiguring automobiles with hidden traps that facilitated the concealment of contraband. Checo claims that the district court erred in finding for sentencing purposes that he was responsible for conspiring to distribute more than 150 kilograms of cocaine. We remanded Checo's case to the

* The Honorable Gregory W. Carman, Judge, United States Court of International Trade, sitting by designation.

district court, pursuant to *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994), for clarification of the district court's factual findings as respects Checo's sentence. Familiarity with the facts of this appeal is presumed.

On June 11, 2004, upon *Jacobson* remand, the district court issued a Sentencing Clarification indicating that Checo was sentenced to 235 months in prison based on the finding that Checo was foreseeably responsible for distributing more than 150 kilograms of cocaine, an estimate based on a series of findings and inferences. *United States v. Checo*, 02–CR–968 (JSR), Sentencing Clarification, at 1 (S.D.N.Y. Jun. 11, 2004) ("Sentencing Clarification"). While Checo's appeal was pending before this Court post-remand, the Supreme Court decided *United States v. Booker*, holding, *inter alia*, that the Sentencing Guidelines are advisory. —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

"Ordinarily, post-*Booker*, we would remand for the district court to consider whether the original sentence—imposed pre-*Booker* on the then-valid mandate of the Guidelines—would have been different if the district judge had appreciated his discretion to frame the sentence based on the fact that the Guidelines are advisory." *United States v. Rubenstein*, 403 F.3d 93, 98 (2d Cir.2005) (citing *United States v. Crosby*, 397 F.3d 103, 117–18 (2d Cir. 2005)). Here, however, we conclude that the sentence as respects drug quantity was calculated in error and "may have an appreciable influence even under the discretionary sentencing regime that will govern the resentencing, and under which the Guidelines sentence will be a benchmark or a point of reference or departure." *Id.*

We review the district court's interpretation of the Sentencing Guidelines de novo and the district court's findings of fact for clear error. *Id.* at 98 (citing *United States v. Adler*, 52 F.3d 20, 21 (2d Cir.1995) (*per curiam*); *United States v. Jones*, 30 F.3d 276, 286 (2d Cir.1994); *United States v. Cousineau*, 929 F.2d 64, 67 (2d Cir.1991)).

This Court reviews the district court's interpretation of the Sentencing Guidelines de novo, see United States v. Adler, 52 F.3d 20, 21 (2d Cir.1995) (per curiam), and reviews the district court's findings of fact for clear error, United States v. Jones, 30 F.3d 276, 286 (2d Cir.1994); United States v. Cousineau, 929 F.2d 64, 67 (2d Cir.1991)

In a drug conspiracy, the defendant is accountable for "all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband *that were within the scope of the criminal activity that he jointly undertook.*" U.S.S.G. § 1B1.3, cmt. n. 2 (emphasis added).

It cannot be disputed that Checo was involved in a "jointly undertaken criminal activity": he was convicted of conspiracy. But, to sentence Checo on the basis his coconspirators' conduct, the district court was required to "make [ ] particularized finding[s]" as to (1) "whether the activity was foreseeable to [Checo]," and (2) "the scope of the criminal activity agreed upon by [Checo]." *United States v. Studley* 47 F.3d 569, 574–575 (2d Cir.1995). Although it may have been reasonably foreseeable to Checo that his nine traps would have been used to distribute more than 150 grams of cocaine, the district court failed to make the requisite finding that the distribution of that quantity of drugs was "within the scope of the criminal activity that [Checo] jointly undertook." U.S.S.G. § 1B1.3, cmt. n. 2.

Checo's base offense level pursuant to § 2D1.1 is dependant on the drug quantity attributable to him. In calculating this quantity, the district court may consider all "reliable proof," and is "not bound by jury findings or evidence presented at tri-

al." *United States v. Shonubi,* 998 F.2d 84, 89 (2d Cir.1993). Where the quantity of drugs seized "does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1, cmt. n. 12. But this approximation must be based upon "specific evidence," not mere "surmise and conjecture." *Id.* at 89–90; *see also United States v. Shonubi,* 103 F.3d 1085, 1089–1090 (2d Cir.1997) ("The 'specific evidence' we required to prove a relevant-conduct quantity of drugs for purposes of enhancing a sentence must be evidence that points specifically to a drug quantity for which the defendant is responsible.").

It is undisputed that Checo was responsible for distributing at least 35 kilograms of cocaine: (1) 16 kilograms of cocaine were found in one of the traps that Checo personally built; and (2) Checo unloaded 19 kilograms of cocaine from another vehicle. *See* Sentencing Clarification at 2. The district court found that "many other events gave rise to the inference that the [other] traps [built by Checo] in this case were being used for cocaine and that Checo knew it." *Id.* For example, the district court credited the testimony of one trial witness who testified that he observed Checo unloading approximately 20 kilograms of cocaine from a Mitsubishi Montero. *Id.* at 2–3. Admitting that the "testimony did *not* indicate how much cocaine was involved in *most* of these instances," the district court concluded that Checo was responsible for more than 150 kilograms of cocaine by averaging the three known quantities attributable to Checo— 19, 16, and 20 kilograms—and multiplying by nine, the number of traps Checo built. *Id.* (emphasis added).

The average quantity of cocaine seized or unloaded from the three cars is not "specific evidence" of the quantity of cocaine actually transported in the nine traps built by Checo. *See Shonubi,* 103 F.3d at 1090–92. Indeed, it is quite possible that the traps were used to transport some other contraband. Nor did the evidence relied upon have the "sufficient indicia of reliability" contemplated by the Guidelines when a "factor important to the sentencing determination is reasonably in dispute." U.S.S.G. § 6A1.3(a).

We therefore vacate that portion of Checo's sentence as respects drug quantity and remand to the district court for proceedings consistent with this opinion, *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005).

For the foregoing reasons, Checo's sentence is VACATED and REMANDED for sentencing proceedings consistent with this opinion and *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and not inconsistent with *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005).