*927 SUMMARY ORDER
Defendant Richard K. Adams, who pleaded guilty to conspiring to traffic in cocaine imported from Guyana, see 21 U.S.C. §§ 963, 952(a), 960(a)(1), 960(b)(2)(B)(ii), 846, 841(a)(1) & 841(b)(l)(B)(ii)(II), appeals his 66-month prison sentence. Although the sentence is lower than Adams’s 87-108 month Guidelines range, defendant submits that the court erred in calculating that range by reference to cocaine trafficked outside the charged conspiracy. We review the district court’s determination that this uncharged cocaine trafficking was relevant conduct for sentencing purposes, see U.S.S.G. § IB 1.3(a)(2), for clear error. See United States v. Burnett, 968 F.2d 278, 280 (2d Cir.1992). We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
It is well established that “quantities of narcotics neither charged in the indictment nor physically seized are ‘relevant conduct’ for calculation of the base offense level if they were part of the same course of conduct as the counts leading to conviction.” United States v. Santiago, 906 F.2d 867, 871 (2d Cir.1990) (internal quotation marks omitted). As we have made plain, “[t]he term ‘same course of conduct’ has a meaning distinct from ‘common scheme or plan’ ” and “does not require a connection between the acts.” United States v. Burnett, 968 F.2d at 280. Thus, to the extent Adams submits that disparities in time and participants between the charged and uncharged trafficking precluded a same-course-of-conduct finding, we reject the argument as without merit. See id. (rejed> ing argument that same course of conduct finding requires acts to be connected by common participants); United States v. Cousineau, 929 F.2d 64, 68 (2d Cir. 1991) (upholding same-course-of-conduct finding for activities separated by two years because conduct showed high degree of similarity, consistency, and continuity).
“The ‘same course of conduct’ concept ... looks to whether the defendant repeats the same type of criminal activity over time.” United States v. Burnett, 968 F.2d at 280 (internal quotation marks omitted). Here, we agree with the district court that Adams’s involvement with his brother in an earlier scheme to deal cocaine imported from his native country of Guyana was substantially similar to the charged conspiracy to join with others to import cocaine from Guyana for distribution in the United States. Indeed, that Adams began trafficking cocaine shortly after his 2002 arrival in the United States supports the district court’s observation that he came to the United States with the intention to deal in cocaine. That Adams worked with new co-conspirators to traffic cocaine in December 2005 does not change the nature of his criminal activity, particularly since his original co-conspirator, his brother, was no longer available due to his own conviction for cocaine trafficking just a month prior. On this record, we identify no error in the district court’s consideration of the totality of Adams’s trafficking as relevant conduct in calculating the base offense level. See United States v. Santiago, 906 F.2d at 873 (concluding that the fact that drug sales had been interrupted for eight months because of co-conspirator’s arrest “had no relevance to whether the [charged conduct] was part of the same course of conduct”).
Accordingly, the judgment of conviction is AFFIRMED.