**UNITED STATES of America,**
**Appellee,**

v.

**William B. BARROW, Defendant,**

**Edilberto Del CARMEN, also known as Edilberto Marcos, Defendant–Appellant.**

**No. 03–1319.**

United States Court of Appeals,
Second Circuit.

Oct. 28, 2004.

Randall D. Unger, Bayside, NY, for Defendant–Appellant.

Deidre A. McEvoy, Assistant United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: POOLER, SACK, and RAGGI, Circuit Judges.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's order be **AFFIRMED.**

Defendant–Appellant Edilberto Del Carmen appeals from a judgment of the district court entered on May 28, 2003. Del Carmen claims ineffective assistance of counsel and disputes three of the district court's sentencing determinations. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues and hold as follows.

We decline to address the issue of whether Del Carmen received ineffective assistance of counsel on direct appeal. The defendant may raise the issue in due course in a timely motion under 28 U.S.C. § 2255. *See Massaro v. United States,*

538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

With respect to sentencing, Del Carmen disputes the district court's loss calculation. "We review a district court's factual findings of the amount of loss under the [United States Sentencing] Guidelines for clear error." *United States v. Abbey*, 288 F.3d 515, 517 (2d Cir.2002). After examining the record, we conclude that the district court did not commit clear error with respect to its amount of loss calculation.

Del Carmen also disputes the four-level increase in his base offense level pursuant to U.S.S.G. § 3B1.1(a) for his role as a leader or organizer of criminal activity. We review a district court's factual findings with respect to Del Carmen's role in the offense for clear error. *United States v. Molina*, 356 F.3d 269, 275 (2d Cir.2004). We have examined the record and find that the district court did not commit clear error with respect to these findings.

Finally, Del Carmen argues that the district court erred when it denied him a two-level decrease in his base offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The district court's factual finding with respect to defendant's acceptance of responsibility is reviewed for clear error and should not be disturbed unless it is "without foundation." *See United States v. Hirsch*, 239 F.3d 221, 226–27 (2d Cir.2001) (quoting *United States v. Volpe*, 224 F.3d 72, 75 (2d Cir. 2000)). We have reviewed the record and affirm the district court's determination.

We therefore affirm the judgment of the district court.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, No. 04–104, and *United States v. Fanfan*, No. 04–105 (argued October 4, 2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not consider the waiver or substance of any issue concerning defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.