13-613-cr
United States of America v. Hatala

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand fourteen.

PRESENT:   GUIDO CALABRESI,
               REENA RAGGI,
               CHRISTOPHER F. DRONEY,
                       *Circuit Judges*.

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                       *Appellee*,

                v.                                          No. 13-613-cr

ALEX HATALA, also known as Sealed Defendant 1, also known as koolkake,
                       *Defendant-Appellant.*[*]
------------------------------------------------------------------------

APPEARING FOR APPELLANT:        DANIEL NOBEL, Esq., New York, New York.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

1

APPEARING FOR APPELLEE:    SERRIN TURNER (Justin Anderson, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 8, 2013, is AFFIRMED.

Defendant Alex Hatala, who stands convicted after a guilty plea of fraud in connection with identification information, see 18 U.S.C. § 1028(a)(7), appeals his 30-month prison sentence as procedurally and substantively unreasonable. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Procedural Unreasonableness

Hatala contends that the district court committed procedural error by mistakenly applying a two-level sophisticated means enhancement to his Guidelines calculations. See U.S.S.G. § 2B1.1(b)(10)(C); see generally United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (recognizing Guidelines miscalculation as procedural error that can render sentence unreasonable). Because Guidelines interpretation is a matter of law,

we review the applicability of § 2B1.1(b)(10)(C) to the facts of this case de novo, see United States v. Hsu, 669 F.3d 112, 120 (2d Cir. 2012), and we identify no error.[1]

The Guidelines define "sophisticated means" to be "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1 cmt. n.8(B). The district court found that Hatala "used a sophisticated program and hacking technique in connection with the crime." J.A. 118. The record, which includes Hatala's own sentencing submission detailing his commission of the crime, easily supports this determination. Stealing hundreds of thousands of usernames and password combinations, Hatala used his extensive knowledge of computer programming and database systems, as well as self-written codes, to bypass professionally-designed security systems. Such conduct demonstrates the use of sophisticated means to commit fraud. See United States v. Jackson, 346 F.3d 22, 23–25 (2d Cir. 2003) (upholding sophisticated means enhancement where defendant used internet to identify targets and steal financial information to make fraudulent purchases); see also United States v. Barrington, 648 F.3d 1178, 1199 (11th Cir. 2011) (affirming § 2B1.1(b)(10)(C) enhancement where defendant repeatedly hacked into university computer system to change grades using stolen usernames and passwords); United States v. Jones, 530 F.3d 1292, 1305–07 (10th Cir. 2008).

---

[1] Because we identify no error, we need not resolve the parties' dispute about whether Hatala's procedural challenges are unpreserved and, therefore, reviewable only for plain error.

3

In urging otherwise, Hatala submits that four other district judges declined to apply the enhancement to defendants apprehended in the same investigation as himself. The argument warrants little discussion because Hatala fails to demonstrate that he and the defendants in these other cases were similarly situated. Indeed, the government's brief signals otherwise. In any event, Hatala's specific conduct demonstrated the use of sophisticated means.

Hatala further maintains that the enhancement was procedurally unreasonable because it constitutes double counting with the enhancements for loss and use of an access device. See U.S.S.G. §§ 2B1.1.(b)(1)(F), (b)(11)(B). "Impermissible double counting occurs when one part of the guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the guidelines." United States v. Volpe, 224 F.3d 72, 76 (2d Cir. 2000) (internal quotation marks omitted). The argument fails because "double counting is legitimate where a single act is relevant to two dimensions of the Guidelines analysis." United States v. Jackson, 346 F.3d at 25 (internal quotation marks omitted). Although loss amount and the use of sophisticated means are often linked, they "aim at different harms." United States v. Volpe, 224 F.3d at 76. Here, the sophisticated means enhancement was justified by Hatala's intricate and complex computer programming, whereas the individualized loss enhancement was justified by the significant monetary damage his actions inflicted, and the access device enhancement was justified by his trafficking in log-in information for

4

online accounts. Accordingly, the fact that his computer skills allowed him to obtain log-in information for many online accounts reflects a different harm from his trafficking of that information or the loss resulting therefrom. Cf. United States v. Jackson, 346 F.3d at 25 (holding that defendant's "various acts of exploiting different strangers so as to accomplish the fraud while keeping his unwitting accomplices in the dark can serve as a foundation for both a 'sophisticated means' enhancement and a role enhancement for 'extensive' activity").

Finally, Hatala invokes judicial estoppel to support his claim of procedural error, arguing that the government was barred from encouraging the district court to apply the sophisticated means enhancement by its failure to seek the enhancement in any of the related cases. Assuming arguendo that judicial estoppel even applies to the government in the criminal context—a matter the government disputes and we do not here decide—no such estoppel is warranted here. The government did not itself seek the sophisticated means enhancement, but simply responded to an inquiry about the enhancement by providing relevant factual history. Such conduct does not satisfy the requirements for judicial estoppel. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (holding that where party assumes position in legal proceeding, "and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position") (internal quotation marks omitted); Republic of Ecuador v. Chevron Corp., 638 F.3d 384, 397 (2d Cir. 2011) (stating that judicial estoppel prevents party from

5

asserting factual position clearly inconsistent with a position previously advanced by that party and adopted by the court). In sum, we conclude that Hatala fails to demonstrate any procedural error rendering his sentence unreasonable.

2. <u>Substantive Unreasonableness</u>

"In reviewing the substantive reasonableness of a sentence, 'we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts.'" <u>United States v. Chu</u>, 714 F.3d 742, 746 (2d Cir. 2013) (quoting <u>United States v. Cavera</u>, 550 F.3d at 190). We will set aside a district court's sentence on substantive grounds "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." <u>United States v. Cavera</u>, 550 F.3d at 189 (internal quotation marks omitted). That is not this case.

Insofar as Hatala argues that the district court failed to avoid unwarranted disparities between his sentence and lesser sentences subsequently imposed by other judges in the same district on other defendants prosecuted for the same crime, we have already observed that he fails to demonstrate that he is similarly situated to his comparators. <u>See United States v. Fernandez</u>, 443 F.3d 19, 31–32 (2d Cir. 2006) (emphasizing that comparison must be to similarly situated defendants). In any event, the disparity referenced by 18 U.S.C. § 3553(a)(6) is national, not case- or district-specific. <u>See United States v. Frias</u>, 521 F.3d 229, 236 (2d Cir. 2008). Moreover, such disparity is one factor, not the determinative

6

factor, to be considered in identifying the appropriate sentence under § 3553(a).  Here, the district court expressly stated that it had considered all of the § 3553(a) factors in determining Hatala's sentence.  In light of the totality of the circumstances, including aggravating factors pertinent to Hatala, we identify no merit in the claim that sentencing disparity renders Hatala's 30-month prison sentence substantively unreasonable.

We reach the same conclusion with respect to Hatala's claim that the district court gave undue weight to the need for deterrence in light of his cessation of criminal activities before arrest.  See 18 U.S.C. § 3553(a)(2)(A)–(C).  The weight to give relevant sentencing factors is a matter generally left to the sound discretion of the district court to which we will defer unless the factor cannot, as a matter of law, bear the weight assigned. See United States v. Fernandez, 443 F.3d at 32.  Where, as here, a sentence falls within the Guidelines, we will rarely identify such an error in weighing the sentencing factors.  See United States v. Jones, 531 F.3d 163, 178 (2d Cir. 2008) (stating that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances" (internal quotation marks omitted)).  With regard to specific deterrence, the district court found that, although Hatala had abandoned logging into the site at issue several months before his arrest, he had built up his hacking skills over a long period of time, posing a risk of future hacking that warrants specific deterrence.  This concern was aggravated by post-arrest conduct evincing disregard for the law, as evident from a positive test for drug use and attempt to

7

circumvent a drug test. With regard to general deterrence, the district court explained that the imposed sentence was necessary because of the particular danger posed to increased internet commerce by the type of crime at issue and the difficulty in identifying and locating criminal perpetrators. These circumstances suffice to support a Guidelines sentence of 30 months. See United States v. Jones, 531 F.3d at 178.

We have considered Hatala's remaining arguments and reject them as without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court