United States v. Pabey

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand fourteen.

PRESENT: DENNIS JACOBS,
        CHESTER J. STRAUB,
        REENA RAGGI,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

United States of America,
        <u>Appellee</u>,

        -v.-                  13-2158

Dario Pabey,
        <u>Defendant-Appellant</u>,

Marcus Dwyer,
        <u>Defendant</u>.<sup>*</sup>

- - - - - - - - - - - - - - - - - - - - -X

---

    <sup>*</sup> Clerk of Court is direction to amend the caption as set forth above.

1

**FOR APPELLANT:**                    Nicholas J. Pinto, New York, New York.

**FOR APPELLEES:**                    Sarala V. Nagala, Assistant United States Attorney, Sandra S. Glover, Assistant United States Attorney, <u>for</u> Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, <u>C.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Dario Pabey appeals from a judgment of conviction in the United States District Court for the District of Connecticut (Hall, <u>C.J.</u>), entered on his plea of guilty to bank robbery. On appeal, Pabey argues that the district court abused its discretion by (1) double-counting enhancements for carjacking and kidnapping; (2) failing to consider mitigating circumstances; and (3) insufficiently explaining the reasons for Pabey's 180-month sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A district court's sentence is reviewed for reasonableness under an abuse of discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 46 (2007). This reasonableness review "encompasses two components: procedural review and substantive review." <u>United States v. Cavera</u>, 550 F.3d 180, 189 (2d Cir. 2008) (<u>en banc</u>). "A district court commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." <u>Id.</u> at 190 (citations omitted). In reviewing for substantive reasonableness, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion," <u>Id.</u>, and "we will not substitute our own judgment for the district court's on the

2

question of what is sufficient to meet the § 3553(a) considerations in any particular case," Id. at 189. "We will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" Id. (emphasis omitted) (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)).

**1.** Pabey argues that the court engaged in double-counting by imposing enhancements for both carjacking and kidnapping. See U.S.S.G. § 2B3.1(b)(4)-(5). "Impermissible double counting occurs when one part of the guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the guidelines." United States v. Volpe, 224 F.3d 72, 76 (2d Cir. 2000) (internal quotation marks omitted). Here, the victim suffered two distinct successive harms: (i) he was grabbed and dragged out of the bank, and subsequently (ii) he had his car stolen, in his presence and with the keys from his pocket, by Pabey and his accomplice. The close timing of the two events does not make the enhancements duplicative. See United States v. Sabhnani, 599 F.3d 215, 251 (2d Cir. 2010).

**2.** Pabey argues that the district court failed to consider any mitigating circumstances at sentencing. However, the district court took into account Pabey's history and characteristics, including his long pattern of drug abuse, his struggles in school, and his abusive father, when fashioning an appropriate sentence. In addition, the district court took note of Pabey's prior convictions and that, during his time in jail, Pabey "racked up more tickets" than the judge had "ever seen in one or two PSR reports." Pabey argues that many of his prior convictions were for minor offenses, but nothing in the record supports the assertion that the court failed to consider the totality and weight of the convictions. See United States v. Verkhoglyad, 516 F.3d 122, 129 (2d Cir. 2008) ("[I]n the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." (internal quotation marks omitted)).

**3.** Pabey contends that the district court failed to explain sufficiently the reasons for his 180-month sentence. However, the district court discussed its reasons at length: this was an "extraordinary bank robbery," during which Pabey

3

"bound at least one of the people in the bank," "[f]orced people to get on the floor," and threats were made "to blow this place up." The "only way to describe these people's experience," in the court's view, was that "[t]hey were terrorized." The district court discussed the severity of the crime at length and its impact on the victims, and acknowledged a need to protect the public from Pabey and to rehabilitate him.

In light of the seriousness of the offense conduct in this case, Pabey's final argument that the 180-month sentence was substantively unreasonable is without merit. The district court's sentence, which falls well within the Guidelines range, was within the range of permissible decisions. See Cavera, 550 F.3d at 189.

For the foregoing reasons, and finding no merit in Pabey's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4