13-4148-cr
*United States v. Anthony Johnson*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand fifteen.

Present:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        AMALYA L. KEARSE,
        REENA RAGGI,
                *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                                        No. 13-4148-cr

ANTHONY JOHNSON,

        *Defendant-Appellant*,

LASHIRELLE BRYANT, JAMIE MCGOWAN,

        *Defendants*.

_____

For Appellee:                               RAHUL KALE, Assistant United States Attorney (Marc
                                            H. Silverman, Assistant United States Attorney (of
                                            counsel), *on the brief*), *for* Deirdre M. Daly, United
                                            States Attorney for the District of Connecticut, New
                                            Haven, CT.

For Defendant-Appellant:                    JONATHAN J. EINHORN, Jonathan J. Einhorn Law
                                            Offices, New Haven, CT,

                                            Anthony Johnson, Bradford, PA, filed a Supplemental
                                            Brief *pro se*.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Anthony Johnson appeals an October 25, 2013 judgment of conviction and sentence entered by the United States District Court for the District of Connecticut (Bryant, *J.*). Following a jury trial, Johnson was convicted of and sentenced for seven counts of unauthorized use of an access device, in violation of 18 U.S.C. §§ 1029(a)(2), (c)(1)(a)(i) & 2, and two counts of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A & 2. The district court sentenced Bryant to, *inter alia*, 192 months of imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

First, Johnson's failure to move to dismiss the indictment and the superseding indictment pre-trial for a Speedy Trial Act violation waived any such challenges pursuant to 18 U.S.C. § 3162(a)(2), which explicitly states that "[f]ailure of the defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal." *See also United States v. Abad*, 514 F.3d 271, 273–74 (2d Cir. 2008) (per curiam). Here, although Johnson's trial started on October

2

2, 2012, Johnson failed to move to dismiss the indictment for violating the Speedy Trial Act until October 23, 2013, and never moved to dismiss the superseding indictment for Speedy Trial Act violations at all. Johnson has thus waived the Speedy Trial Act challenges he now propounds.

Second, we reject Johnson's challenge that the district court failed, as required by *Faretta v. California*, 422 U.S. 806, 835 (1975), to determine that Johnson's September 6, 2012, waiver of counsel was done only after he was "made aware of the dangers and disadvantages of self-representation." Here, it is clear from the record that when Johnson was seeking to replace his second appointed counsel, Frank Riccio, Jr., with a new attorney and was told by the district court that he could either continue to be represented by Riccio or proceed *pro se*, Johnson was fully aware of the "dangers and disadvantages" of the latter choice, *id.*, stating during a hearing on July 16, 2012, that "I don't know how to represent myself. I don't have knowledge of the law," A 85. Despite having so stated, Johnson moved on September 5, 2012, to have Riccio withdrawn as Johnson's attorney.

Third, Johnson's challenge that his Pre-Sentence Report's ("PSR") sentencing enhancements constituted "[i]mpermissible double counting" fails. *United States v. Volpe*, 224 F.3d 72, 76 (2d Cir. 2000) (internal quotation marks omitted). Here, the defendant received a base offense level of six for offenses involving stolen property, pursuant to U.S.S.G. § 2B1.1(a)(2). Johnson argues that his two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(3) (for "a theft from the person of another"), and his two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(4) (for having been "in the business of receiving and selling stolen property"), constitute impermissible double counting. But with respect to Section 2B1.1(b)(3), Johnson stole credit cards from the purses or wallets of moviegoers placed on the floor next to the victims,

consistent with the enhancement for theft if the stolen property was "within arm's reach" of the victim. *United States v. Rizzo*, 349 F.3d 94, 100 (2d Cir. 2003). And with respect to Section 2B1.1(b)(4), Johnson was in the business of selling items purchased by his accomplices using stolen credit cards, which causes a harm distinct from the theft itself. Thus, no "one part of the guidelines [was] applied to increase [Johnson's] sentence to reflect the kind of harm that" would have "already been fully accounted for by another part of the guidelines." *Volpe,* 224 F.3d at 76 (internal quotation marks omitted).

Fourth, Johnson challenges the district court's two-level enhancement pursuant to U.S.S.G. § 3C1.1 for willfully obstructing or impeding, or attempting to obstruct or impede, "the administration of justice with respect to the investigation, prosecution, or sentencing." The district court based this enhancement on the testimony of Johnson's co-defendant Jamie McGowan that on February 17, 2012, Johnson offered to pay McGowan for testimony "blam[ing] [the offense] on somebody else." A 550. Although Johnson challenges McGowan's credibility, her testimony occurred during trial where Johnson had an opportunity for cross-examination. Thus, on the facts, no "clear error" exists. *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005).

Fifth, Johnson challenges the district court's calculation of the loss amount. Although "[i]n determining a loss amount for purposes of [the] Guidelines calculation, a district court's findings must be grounded in the evidence and not derive from mere speculation," it is also true that "[s]uch evidence need not . . . establish loss with absolute precision." *United States v. Coppola*, 671 F.3d 220, 249–250 (2d Cir. 2012). Here, the trial court, based on the testimony of Johnson's co-defendants, calculated a loss amount of $3 million, computed using a "minimum of

4

$20,000 per weekend and . . . 150 trips." A 859. While the evidence in the record fell short of supporting the 150 trips number,[1] the court's use of $20,000 per weekend was drastically below McGowan's testimony that "[r]oughly 70,000" or "[f]ifty thousand and up" was stolen on most weekends, and that even a "bad weekend," of which there were "[n]ot very many," would result in $30,000 or $40,000 stolen. Thus, any error in the loss amount calculation was harmless, as the district court could have supported its calculation based on $30,000 per weekend and 115 trips, totaling $3.45 million, well above the $2.5 million minimum determining Johnson's offense level. Thus, the district court's sentence should be affirmed as "no reasonable calculation of loss" would have changed Johnson's offense level. *United States v. Ebbers*, 458 F.3d 110, 128 (2d Cir. 2006).

Sixth, Johnson's contentions that the prosecutor engaged in misconduct fail mostly on the facts. The record yields no evidence of the existence of a waiver agreement; the record yields no evidence of false statements by the government; and the record shows that the government did provide the defendant with discovery. Additionally, the government had no obligation to explain other charges that might be brought against Johnson in the future, *see generally* Fed. R. Crim. P. 5(d) (no mention of obligation to tell defendant of future charges); and the Supreme Court has held that "a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded," *United States v. Goodwin*, 457 U.S. 368, 380 (1982).

---

[1]The district court determined, based on the evidence that Bryant worked on 100 trips and McGowan worked on 50 weekends, that defendant worked a total of 150 weekends. However, this calculation assumes that the weekends worked by each accomplice occurred consecutively without overlap, and assumes that Bryant's work occurred on weekends, which she never specified. However, the evidence indicated that the robbery scheme began at earliest July 7, 2008, four days after Johnson was released from prison, and the last proven robbery occurred on September 19, 2010, resulting in no more than 115 weekends.

Finally, Johnson's unpreserved contention that the district court constructively amended the superseding indictment in its jury instruction is waived, as the complained-of portion of the district court's jury charge was requested verbatim by the defendant himself. *See, e.g.*, *United States v. Bastian*, 770 F.3d 212, 218 (2d Cir. 2014).

We have considered all of the Appellant's remaining arguments, both those made by counsel and those made by Johnson in his *pro se* supplemental brief, and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK