*United States v. Zukerman*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 6th day of February, two thousand eighteen.

Present:     ROBERT A. KATZMANN,
                       *Chief Judge*,
             AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
                       *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                 *Appellee*,

                 v.                                              No. 17-948

MORRIS E. ZUKERMAN,

                 *Defendant-Appellant.*

_____

| | |
|---|---|
| For Appellee: | STANLEY J. OKULA, JR., Special Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, of counsel, *on the brief*), *for* Geoffrey Berman, Interim United States Attorney for the Southern District of New York, New York, NY. |
| For Defendant-Appellant: | GREGORY G. GARRE (Roman Martinez and Graham E. Phillips, *on the brief*), Latham & Watkins LLP, Washington, DC. |

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **REMANDED**.

Morris Zukerman challenges the reasonableness of the sentence imposed after he entered into a plea agreement for corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a), and tax evasion, in violation of 26 U.S.C. § 7201. Zukerman was sentenced by the district court for the Southern District of New York (Torres, *J.*) on March 21, 2017, and judgment was entered that same day. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Zukerman's plea agreement stipulated that the Guidelines range for his sentence was 70 to 87 months' imprisonment and a fine of between $25,000 and $250,000, although it was further agreed that the parties could seek a sentence outside of the stipulated Guidelines range based upon the factors to be considered in the imposition of sentences pursuant to 18 U.S.C. § 3553(a). *Cf. Irizarry v. United States*, 553 U.S. 708, 714-15 (2008) ("Although the Guidelines, as the starting point and the initial benchmark, continue to play a role in the sentencing determination, there is no longer a limit . . . on the variances from Guidelines ranges that a district court may find justified under the sentencing factors set forth in 18 U.S.C. § 3553(a)." (internal quotation marks and citation omitted)). The Government subsequently sought a sentence consisting of "a term of incarceration within the Stipulated Guidelines range" and "a substantial fine . . . through a substantial variance from the $25,000 to $250,000 Guidelines range," though the Government did not specify an amount or range for the fine it sought. App. 291, 322. Zukerman was

sentenced to 70 months' imprisonment and fined $10 million. On appeal, Zukerman contends that the imposition of a $10 million fine was both procedurally and substantively unreasonable, without challenging the reasonableness of either his prison term or the restitution he has paid.

"We have declined to articulate precise standards for assessing whether a district court's explanation of its reason for imposing a non-Guidelines sentence is sufficient," *United States v. Pereira*, 465 F.3d 515, 524 (2d Cir. 2006), and "are hesitant to require the district court to utter any specific incantation," *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks and citations omitted). Nevertheless, district courts "must adequately explain the chosen sentence to allow for meaningful appellate review," *Gall v. United States*, 552 U.S. 38, 50 (2007), and it remains "'uncontroversial' . . . that a major variance from the Guidelines range 'should be supported by a more significant justification than a minor one,'" *United States v. Jones*, 531 F.3d 163, 171-72 (2d Cir. 2008) (quoting *Gall*, 552 U.S. at 50).

Because the Guidelines "covering 'offenses involving taxation' . . . drastically vary as to the recommended sentence based simply on the amount of money involved," without a concomitant variation to reflect the "wide variety of culpability amongst defendants," such sentences are "reviewed especially deferentially" to allow for sentencing disparities "based on the factors identified in § 3553(a)." *United States v. Cavera*, 550 F.3d 180, 192 (2d Cir. 2008) (en banc). "Although a judge need not utter robotic incantations repeating each factor that motivates a sentence," *United States v. Park*, 758 F.3d 193, 197 (2d Cir. 2014) (internal

3

alterations and quotation marks omitted), we can only defer to a sentencing judge's justifications "if adequately explained." *Cavera*, 550 F.3d at 192. The district court endeavored to explain its reasoning orally at the sentencing hearing and in its written statement of reasons, but the record nevertheless remains unclear as to why and how it settled on $10 million as the fine amount: for example, the relative weight assigned to the various factors cited in its oral and written explanations; to what extent, if any, the district court considered the disparity between the sentence imposed on Zukerman and those imposed in other tax prosecutions; and the basis for its determination that a $10 million fine (in conjunction with other aspects of Zukerman's sentence) was "sufficient, but not greater than necessary, to comply with the purposes" of criminal sentencing as required by § 3553(a).

At this stage, we believe this issue is best resolved by means of what is known in this Circuit as a *Jacobson* remand, in which we remand "partial jurisdiction to the district court to supplement the record on a discrete factual or legal issue while retaining jurisdiction over the original appeal." *Corporacion Mexicana de Mantenimiento Integral, S. de R.L. de C.V. v. Pemex-Exploracion y Produccion*, 832 F.3d 92, 115 (2d Cir. 2016) (Winter, *J.*, concurring); *see also United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994) (recognizing the authority of federal appellate courts to seek "supplementation of a record without a formal remand or the need for a new notice of appeal before the appellate panel acts on the supplemental record"). Accordingly, we direct the district court to elaborate on its rationale for imposing a fine greater than those typically imposed in tax prosecutions, and for the amount selected. Upon such elaboration by the district court, either party may restore the matter to the active docket of this Court by letter, without filing a new notice of appeal. In the event that either party seeks further action from this Court, the matter will be referred to this panel.

4

For the foregoing reasons, we hereby **REMAND** the judgment of the district court for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK