20-1982-cr
*United States v. Perez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                      20-1982-cr

EUGENIO PEREZ,

*Defendant-Appellant.*

---

For Appellee:                          VICTOR A. ZAPANA, JR., Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, New York.

For Defendant-Appellant:          JOHN S. WALLENSTEIN, Law Office of John S. Wallenstein, Garden City, New York.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED in part**, and the case is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Eugenio Perez ("Perez") appeals from the June 17, 2020 amended judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*), sentencing him to 25 years in prison and 10 years of supervised release and imposing a $20,000 fine and $2,150 special assessment. The judgment followed a trial in which the jury found Perez, a former Federal Bureau of Prisons official, guilty of six counts of deprivation of civil rights in violation of 18 U.S.C. § 242, four counts of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a), five counts of sexual abuse in violation of 18 U.S.C. § 2242(1), six counts of sexual abuse of a ward in violation of 18 U.S.C. § 2243(b), one count of attempted sexual abuse of a ward in violation of 18 U.S.C. § 2243(b), and one count of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(4). The offense conduct involved the sexual abuse of inmates under Perez's custody in his role as a lieutenant at a federal detention center. On appeal, Perez challenges both an evidentiary ruling of the district court and his sentence, arguing that this Court should vacate his conviction and order a new trial or, alternatively, vacate his sentence and remand the case for resentencing. For the following reasons, we **AFFIRM** all aspects of the judgment below except for the fine, which we **REMAND** with the direction that (1) the parties supplement the record with respect to Perez's ability to pay the fine imposed and (2) the district court reconsider the fine. We otherwise assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

## I. Cross-Examination of Victim Witnesses

Perez argues that the district court's preclusion of the cross-examination of certain victim witnesses about their sexual contacts with other Bureau of Prisons officials violated his constitutional rights under the Fifth and Sixth Amendments. He asserts that such evidence could have negated the force-related elements of the charges against him and created reasonable doubt in the jurors' minds about the truthfulness of the victim witnesses' allegations. We disagree.

"We review evidentiary rulings, including a trial court's decision to limit the scope of cross-examination, for abuse of discretion." *United States v. Sampson*, 898 F.3d 287, 308 (2d Cir. 2018) (quoting *United States v. White*, 692 F.3d 235, 244 (2d Cir. 2012)). Yet "we review interpretations of law *de novo*, including whether an evidentiary ruling violates a defendant's constitutional rights." *United States v. Rivera*, 799 F.3d 180, 184 (2d Cir. 2015). Federal Rule of Evidence 412 forbids the admission of evidence "in a civil or criminal proceeding involving alleged sexual misconduct" that is offered to prove that a "victim engaged in other sexual behavior" or that a victim has a "sexual predisposition." Fed. R. Evid. 412(a). Rule 412 provides for certain exceptions in criminal cases, including for the admission of "evidence whose exclusion would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C). "The constitutional rights contemplated by this exception include . . . a meaningful opportunity to present a complete defense at trial, and to confront witnesses, including by impeaching the credibility of a prosecution witness by cross-examination." *Rivera*, 799 F.3d at 184–85 (internal quotation marks, citations, and brackets omitted).

Provisions such as Rule 412 not only "serve the broad purpose of protecting the victims of rape from harassment and embarrassment in court," but also "reinforce the trial judge's traditional power to keep inflammatory and distracting evidence from the jury." *Agard v. Portuondo*, 117

F.3d 696, 703 (2d Cir. 1997), *rev'd on other grounds*, 529 U.S. 61 (2000). Thus, we found no error in a trial court's limitation of cross-examination of an alleged victim about her sexual history in part because the inquiry "carried a risk of distracting and prejudicing the jury." *Id.* Likewise, we upheld the exclusion of evidence of alleged victims' prior commercial sex work because the evidence was "irrelevant" to the allegation that they "were *coerced into* working as prostitutes." *Rivera*, 799 F.3d at 185. We stressed that the "very purpose" of Rule 412 "is to preclude defendants from arguing that because the victim previously consented to have sex — for love or money — her claims of coercion should not be believed." *Id.* Noting that the defendants nonetheless "effectively cross-examined the victims" and elicited testimony "suggesting consent," we held that the exclusion of the evidence "did not prejudice" the defendants. *Id.* at 186.

We reject Perez's contention that the district court's evidentiary ruling violated his constitutional rights, warranting reversal, and conclude instead that the district court acted within its discretion to exclude evidence regarding the victim witnesses' sexual contacts with other Bureau of Prisons officials.[1] As the district court found, evidence of the victim witnesses' sexual contacts with other officials was irrelevant to the charges against Perez and therefore did not implicate his right to present a complete defense. Perez essentially argues that, because the victim witnesses engaged in sexual contacts with other officials, their allegations against him "should not be believed" — the exact type of argument that we have held is "preclude[d]" by Rule 412. *Id.* at 185. Moreover, Perez had other opportunities to impeach the victim witnesses, suggesting that the limitation of his questioning did not prejudice his right to confront the witnesses

---

[1] Perez did not indicate on the docket that he gave the victim witnesses notice of his motion to admit evidence under an exception of Rule 412, thus rendering his motion procedurally improper. *See* Rule 412(c)(1). Still, because the district court nonetheless considered his motion on the merits, we do the same on appeal.

4

against him. Finally, the excluded evidence certainly "carried a risk of distracting and prejudicing the jury." *Agard*, 117 F.3d at 703. Thus, the district court acted within its "wide latitude" to "impose reasonable limits on . . . cross-examination," *Fuller v. Gorczyk*, 273 F.3d 212, 219 (2d Cir. 2001) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)), and we affirm its evidentiary ruling.

## II. Imposition of Prison Sentence and Fine

Perez next challenges his sentence on substantive and procedural grounds. We "review sentences 'under a deferential abuse-of-discretion standard.'" *Sampson*, 898 F.3d at 311 (quoting *United States v. Young*, 811 F.3d 592, 598 (2d Cir. 2016)). We find substantive error "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). We find procedural error where, *inter alia*, the district court "makes a mistake in its Guidelines calculation," "does not consider the [18 U.S.C.] § 3553(a) factors," or "fails adequately to explain its chosen sentence." *Id.* at 190. "If we 'identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing.'" *United States v. Kent*, 821 F.3d 362, 367–68 (2d Cir. 2016) (quoting *United States v. Mandell*, 752 F.3d 544, 553 (2d Cir. 2014) (per curiam)).

### 1. Sentencing Guidelines Enhancements

Perez first takes issue with the district court's application of two Sentencing Guidelines enhancements: (1) a 4-level enhancement pursuant to U.S.S.G. § 2A3.1(b)(1) ("the use-of-force enhancement") and (2) a 2-level enhancement pursuant to U.S.S.G. § 3A1.1(b)(1) ("the

5

vulnerable-victim enhancement").[2]    Turning first to the use-of-force enhancement, Perez argues that the district court erred in applying the enhancement with respect to the four counts of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a).    He contends that because the aggravated sexual abuse counts include the use of force or threat of the use of force as an element of the offense, the base offense level for those counts already accounts for the use of force in those crimes, rendering the use-of-force enhancement "duplicative."    Appellant's Br. at 22.    We disagree.

"The district court's interpretation and application of the Sentencing Guidelines is a question of law, which we review *de novo*."    *Kent*, 821 F.3d at 368.    The Guidelines Statutory Index lists § 2A3.1 as the only applicable provision for violations of 18 U.S.C. § 2241.    *See* U.S.S.G. App. A.    Section 2A3.1 establishes a base offense level of 30 for counts of conviction for aggravated sexual abuse under 18 U.S.C. § 2241, except for those under 18 U.S.C. § 2241(c), and provides for the imposition of the use-of-force enhancement if the offense "involved conduct described in 18 U.S.C. § 2241(a)."    U.S.S.G. § 2A3.1(a)(2), (b)(1).    Accordingly, since § 2A3.1 was the only applicable provision for the aggravated sexual abuse counts, the district court properly referred to that provision to determine the base offense level for those counts.    *Id.* § 2A3.1(a)(2). And because Perez's aggravated sexual abuse convictions under 18 U.S.C. § 2241(a) necessarily "involved conduct described in 18 U.S.C. § 2241(a)," the district court also properly imposed the

---

[2]  We adopt the parties' shorthand description of the use-of-force enhancement because the use of force was the basis for applying it in this particular case.    However, we note that the enhancement does not use the words "use of force" and is not limited to that behavior, but rather applies to any case in which "the offense involved conduct described in 18 U.S.C. § 2241(a) or (b)," U.S.S.G. § 2A3.1(b)(1), and thus covers other aggravating conduct such as where the victim is threatened with serious harm, rendered unconscious, or impaired by the covert administration of an intoxicant. *See* 18 U.S.C. § 2241(a)(2), (b)(1), (b)(2).

use-of-force enhancement for those counts. U.S.S.G. § 2A3.1(b)(1); *cf. United States v. Irving*, 554 F.3d 64, 72–73 (2d Cir. 2009) (upholding the imposition of both the base offense level and enhancement provided by a former version of § 2A3.1 in part because the Statutory Index listed that section as the only applicable provision for violations of 18 U.S.C. § 2241(c)). Notably, § 2A3.1 cites a context in which the use-of-force enhancement does not apply, but that exception does not include convictions under 18 U.S.C. § 2241(a). *See* U.S.S.G. § 2A3.1 cmt. n.2(B).

Perez's argument that the use-of-force enhancement was duplicative of the base offense level is unavailing. "Impermissible double counting occurs when one part of the guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the guidelines." *United States v. Volpe*, 224 F.3d 72, 76 (2d Cir. 2000) (quoting *United States v. Napoli*, 179 F.3d 1, 12 n.9 (2d Cir. 1999)). Yet "multiple adjustments may properly be imposed when they aim at different harms emanating from the same conduct." *Id.* Here, the base offense level for the aggravated sexual abuse counts — which applies equally to aggravated sexual abuse under 18 U.S.C. § 2241(a) or § 2241(b) and to "unaggravated" sexual abuse under § 2242, *see* U.S.S.G. App. A — recognized the baseline harm of the conduct of criminal sexual abuse while the use-of-force enhancement recognized the distinct harm of the use of force in the commission of that sexual abuse. Thus, we discern no error in the application of the use-of-force enhancement.

We turn next to the vulnerable-victim enhancement. The parties agree that — even assuming *arguendo* that Perez were to prevail in his challenge to the application of this enhancement — his Guidelines range would be above, and therefore be capped at, the maximum offense level of 43 and would be reduced only if both the vulnerable-victim and use-of-force

7

enhancements are not applied.[3]    Accordingly, because we conclude that the inclusion of the use-of-force enhancement was appropriate, we need not consider Perez's challenge to the vulnerable-victim enhancement.    We conclude that "the district court would have imposed the same sentence in any event," and that any erroneous application of the vulnerable-victim enhancement "may be deemed harmless."    *Kent*, 821 F.3d at 367 (quotation marks omitted).

  2.  *Unwarranted Sentencing Disparity*

We next consider Perez's argument that the district court imposed an excessive prison sentence.    Citing to cases in which prison officials received shorter sentences for what he characterizes as similar conduct, Perez argues that his sentence, left uncorrected, gives rise to "unwarranted sentencing disparities" in contravention of the 18 U.S.C. § 3553(a) sentencing factors.    Appellant's Br. at 23.    We disagree.    Under the deferential standard applied to such challenges, we discern no abuse of discretion in the imposition of the below-Guidelines sentence of 25 years.    Perez cites to cases involving officials who pled guilty to a smaller number of counts than the 23 counts on which the jury convicted Perez, and a district court could reasonably conclude that these individuals were not sufficiently similarly situated to Perez to raise an unwarranted sentencing disparity.    *See, e.g.*, *United States v. Alcius*, 952 F.3d 83, 89 (2d Cir. 2020) (per curiam) (rejecting codefendant-based sentencing-disparity argument where the codefendant pled guilty to a single count and the defendant was tried and convicted of five counts, including one count with a 15-year minimum sentence).    Furthermore, the district court explicitly mentioned its consideration of "the need to avoid unwarranted sentencing disparities," among other factors, in sentencing Perez.    Sentencing Tr. at 65; *see also United States v. Solis*, 18 F.4th

---

[3]  We note that the district court imposed a sentence below the Guidelines recommendation of a lifetime term, even applying the enhancements challenged on appeal.

8

395, 406 (2d Cir. 2021). In addition, to the extent that Perez challenges the substantive reasonableness of the sentence, the record does not indicate that the sentence "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189.

### 3. Ability to Pay a Fine

Finally, Perez asserts that the district court imposed an excessive fine in light of the Presentence Investigation Report's finding that he was unable to pay a fine, the district court's appointment of counsel to represent him, and his attempt to object to the district court's statement at sentencing that he would receive a pension. We agree that the case should be remanded for further factfinding as to Perez's ability to pay the fine imposed.

In imposing a fine, a district court must consider the factors listed in 18 U.S.C. §§ 3553(a), 3571, and 3572, as well as the Guidelines factors and range. *United States v. Elfgeeh*, 515 F.3d 100, 136 (2d Cir. 2008). The Guidelines provide that a district court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). Considerations in imposing a fine include "civil obligations arising from the defendant's conduct," *id.* § 5E1.2(d)(5), and the defendant's representation by appointed counsel, *id.* § 5E1.2 cmt. n.3, among other factors. "The defendant must be given at least a minimal opportunity to show that he lacks the ability to pay the fine . . . ." *Elfgeeh*, 515 F.3d at 136. While "present indigence is not an absolute barrier to the imposition of a fine," a district court may impose a fine on an indigent defendant "only if there is evidence in the record that he *will* have the earning capacity to pay the fine." *United States v. Corace*, 146 F.3d 51, 56 (2d Cir. 1998) (emphasis added) (internal quotation marks and citation omitted).

Here, the Presentence Investigation Report indicates that Perez is unable to pay a fine and has a negative net worth. At the sentencing hearing, the district court acknowledged Perez's

present inability to pay a fine but noted, based on the Presentence Investigation Report and the probation officer's testimony at the sentencing, that Perez would receive a Bureau of Prisons pension and that he had been or would be ordered to participate in a prison work program. However, the district court did not make a specific finding as to Perez's future ability to pay a fine. Moreover, the sentencing transcript suggests that Perez voiced disagreement with the district court's statement that he would receive a pension.[4] *See* Sentencing Tr. at 48–49. The record also indicates that at the time of sentencing, Perez faced potential liability in multiple civil lawsuits stemming from his conduct in this criminal case and was represented by appointed counsel.

We acknowledge that the $20,000 fine was well below the Guidelines minimum of $50,000, that Perez failed to object to the Presentence Investigation Report before sentencing or when prompted at the sentencing, and that the district court ultimately did not impose restitution. We also recognize that the district court could properly consider pension payments and earnings from prison work in determining Perez's ability to pay a fine. *See, e.g.*, *United States v. Clarke*, 979 F.3d 82, 101 (2d Cir. 2020); *United States v. Hernandez*, 85 F.3d 1023, 1031 (2d Cir. 1996). Nonetheless, it is unclear whether there is "evidence in the record that [Perez] will have the earning capacity to pay the fine." *Corace*, 146 F.3d at 56 (quotation marks omitted). We therefore remand "partial jurisdiction to the district court to supplement the record on [that] discrete factual . . . issue while retaining jurisdiction over the original appeal." *United States v. Zukerman*, 710 F. App'x 499, 501 (2d Cir. 2018) (summary order) (quoting *Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploración Y Producción*, 832 F.3d 92, 115 (2d Cir. 2016) (Winter, *J.*, concurring)).

---

[4] For this reason, we do not apply the "plain error" review applicable to objections raised for the first time on appeal. *See, e.g.*, *United States v. Rasheed*, 981 F.3d 187, 196–97 (2d Cir. 2020).

To be clear, we express no view on the merits as to the appropriateness of a fine in this case or as to the amount of such a fine. We simply remand, directing (1) the parties to supplement the record with respect to Perez's ability to pay the fine imposed and (2) the district court to determine whether, on the basis of the supplemented record, a fine is appropriate, and either leave the present judgment in place, "elaborat[ing] on its rationale" for the fine, *id.*, or vacate the fine and impose whatever fine, if any, it believes is appropriate. Upon such decision by the district court, either party may restore the matter to the active docket of this Court by letter, without filing a new notice of appeal. If either party seeks further action from this Court, the matter will be referred to this panel. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994) (recognizing that appellate courts may seek "supplementation of a record without a formal remand or the need for a new notice of appeal before the appellate panel acts on the supplemental record").

*     *     *

We have considered Perez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM in part** and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11